**COMPANION PROPERTY & CASUALTY INSURANCE CO., Plaintiff,**

v.

**APEX SERVICE, INC., et al., Defendants.**

**Civil Action No. 13-CV-436 (RWR-AK)**

United States District Court, District of Columbia.

Signed June 25, 2013

Cynthia E. Rodgers-Waire, Robert W. Hesselbacher, Jr., Wright, Constable & Skeen, LLP, Baltimore, MD, for Plaintiff.

Leonard Arthur Sacks, Leonard A. Sacks & Associates, P.C., Rockville, MD, for Defendant Apex Service Inc.

Paul Michael Schrader, Fullerton & Knowles, Clifton, VA, for Defendant Graybar Electric Company Inc.

Miltiadis N. Theologou, Silverman Theologou, LLP, North Bethesda, MD, for Defendant Branch Group Inc.

Lawrence D. Scott, Washington, DC, pro se.

Reginald Thomas, Oxon Hill, MD, pro se.

## REPORT AND RECOMMENDATION

### ALAN KAY, UNITED STATES MAGISTRATE JUDGE

Plaintiff Companion Property Casualty Insurance Company ("Companion Property") filed a Motion for a Preliminary Injunction [38] ("Pl.'s Mot.") against Defendant Graybar Electric Company Incorporated ("Graybar"). The parties filed a Joint Stipulation Regarding Plaintiff's Motion for Preliminary Injunction [40] on June 14, 2013. Based on the authority established by 28 U.S.C. 2361, the undersigned recommends the Court grant Plaintiff's Motion for a Preliminary Injunction. The undersigned includes a proposed order.

On April 4, 2013,[1] Companion Property filed the present impleader action in this Court to implead the penal sum of $289,972.00 for Payment Bond No.: 00010501. Pl.'s Mot. [38] at ¶ 1. This Court has jurisdiction over the matter under the provisions of the Federal Impleader Statute, 28 U.S.C. § 1335. The Federal Impleader Statute grants federal jurisdiction when 1) the value of the property exceeds $500; 2) two or more adverse parties of diverse citizenship claim entitlement to the amount; and 3) the plaintiff has deposited the property into the registry of the Court. 28 U.S.C. § 1335. Companion Property has demonstrated that the sum in question is well over $500, the parties have diversity of citizenship given that Defendant Apex Service Incorporated is a Maryland company and Graybar is a New York company, and that the full sum of the penal bond has been deposited to the registry of the Court. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction Pursuant to 28 U.S.C. § 2361 ("Pl.'s Mem.") [38-1] at 4-5; Ex. 3 of Pl.'s Mot. [38-4]; Minute Entries on 5/10/2013 and 5/30/2013.

On April 2, 2013, prior to the action filed in this Court, Graybar filed an action in the District of Columbia Superior Court, styled as styled *District of Columbia for the use and benefit of Graybar Electric Company, Inc. v. Niyyah Electrical Contractors, LLC, et al.*, Case No. 13-0002380. Pl.'s Mot. [38] at ¶ 4; Pl.'s Mem. [38-1] at 3. On June 14, 2013, Companion Property and Graybar filed a Joint Stipulation Regarding Plaintiff's Motion for Preliminary Injunction [40]. The parties stipulated and agreed that Graybar's pending matter in Superior Court be enjoined and stayed with respect to Companion Property and Payment Bond No.: 00010501 and that

---

1. Plaintiff's Motion stated the action was filed on April 5, 2013, but according to the Complaint [1] and the Docket it was filed April 4, 2013.

Graybar may only seek recovery against Companion Property through this action. Joint Stipulation [40]. The parties included a Proposed Order [40-1] that requested the Court to issue an injunction. On June 21, 2013, the undersigned held a Preliminary Injunction Hearing that was attended in person by Robert Hesselbacher on behalf of Companion Property, Matthew Blecher on behalf of the District of Columbia, and by Paul Schrader via telephone for Graybar. Minute Order 6/21/13.

Under 28 U.S.C. § 2361, in an impleader action the district court has the authority to "enter its order restraining [all claimants] from instituting or prosecuting any proceeding in any State or United States court affecting the property...involved in the impleader action." Under this statute, "[f]ederal courts have the power to enjoin state court proceedings affecting the subject matter involved in an action under the Federal Interpleader Act." *O'Daniel v. Porter*, 240 F.2d 636, 637 (D.C.Cir.1957). The Supreme Court reaffirmed the ability of federal courts to enjoin state courts in 1972. *Mitchum v. Foster*, 407 U.S. 225, 234, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972) ("[T]he Court through the years found that federal courts were empowered to enjoin state court proceedings, despite the anti-injunction statute, in carrying out the will of Congress under at least six other federal laws. These covered a broad spectrum of congressional action:...(3) legislation providing for federal interpleader actions.") (citing *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85 (1939)).

In the exercise of the Court's authority and discretion under 28 U.S.C. § 2361, the undersigned recommends that the Court enjoin Graybar from seeking recovery against Companion Property in any action except this interpleader action and enjoining and staying the proceedings in the District of Columbia Superior Court as to Companion Property and the aforementioned Payment Bond. As the parties have stipulated, this does not preclude Graybar from pursuing other sources of monetary recovery in the District of Columbia Superior Court litigation against alternate parties.

A proposed order is attached.